UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON
CIVIL CASE NO: 06-96-DLB

TRACY DWELLY,
Personal Representative of the
Estate of Terrence Dwelly,                                                          PLAINTIFF

V.

GARY W. MOORE, et al.,                                                              DEFENDANTS

### MEMORANDUM ORDER

This matter came before the court on Monday, November 5, 2007 on plaintiff's motion to extend pretrial deadlines. Charles Schaffner and Katherine Bruenderman appeared on behalf of plaintiff; Jeff Mando appeared on behalf of defendants. Official Court Reporter Lisa Wiesman recorded the proceedings.

**I. Background**

Approximately 18 months ago in May 2006, plaintiff initiated this litigation against the Boone County Judge/Executive, the Boone County Jailer and "Dr. Doe," and Boone County Commissioners by filing a complaint which alleged that the decedent's death resulted from inadequate lodgings and medical care provided to him while he was incarcerated in the Boone County Jail. The court's original scheduling order directed the parties to complete discovery by April 30, 2007, with dispositive motions due by May 31, 2007. However, due in part to difficulties in securing discovery responses from plaintiff, the court entered the parties' tendered agreed order and extended discovery until October 15, 2007, with dispositive motions to be filed November 15, 2007. Plaintiff's expert disclosure deadline expired on July 31, 2007, with no

1

experts having been identified or disclosed, and no motion to extend that deadline having been filed. Defendants' corresponding deadline was October 1; defendants timely disclosed their expert and summarized his Rule 26(a)(2) report but have not yet provided plaintiff with a copy of that report due to the recently-filed motion of plaintiff to extend pretrial deadlines.

At the close of the current discovery deadline on October 15, defendants filed a status report noting that they have completed discovery and plan to move for summary judgment on November 15, 2007. For the second time in this case, plaintiff failed to file a status report as directed. Instead, plaintiff has moved for an indeterminate additional extension of both the fact discovery deadline and of her long-expired expert witness deadline.

As grounds for the extension, plaintiff states that her three trial experts "have become unavailable ... by virtue of their death, infirmity, or public discredit." Plaintiff represents that counsel "has not yet had time to interview three possible replacement experts." Plaintiff further explains that her primary fact witness "has concealed her whereabouts from the Plaintiff and her counsel in an apparent effort to avoid deposition," and plaintiff "needs..time to find her again." Finally, counsel represents that he has had a malfunctioning defibrillator and "associate trial counsel will need additional time to catch up to speed to help move the case forward."

Due to the lateness of plaintiff's request for further extension of all pretrial deadlines and the unusual circumstances alleged as grounds for that request, the court set plaintiff's motion for a hearing on Monday, November 5, 2007 at 1:30 p.m.

**II. Analysis**

As discussed at length at the hearing held today, the court concludes that plaintiff has failed to show good cause for any extension of the fact discovery deadline. Plaintiff has served

no written discovery and has taken no depositions, despite more than adequate time in which to do so. Although plaintiff represented that she continues to attempt to locate her "primary fact witness," plaintiff failed to identify Jodisha Lumpkin in her initial disclosures. Moreover, plaintiff's counsel concede that they have no leads on locating this missing person. The court concludes that the prejudice to the defendants by permitting additional time greatly outweighs any speculative benefit to plaintiff in being afforded additional time to locate Ms. Lumpkin.

Plaintiff has also failed to show good cause for extension of the expert disclosure deadline. Plaintiff identified no experts by the disclosure deadline of July 31, 2007 and sought no extension at that time. Instead, plaintiff waited until after defendant had disclosed its expert and announced its intention to file for summary judgment before seeking leave for additional time to locate and identify one or more experts. Although plaintiff's counsel stated that its primary medical expert, Dr. Grogan, was known to plaintiff at the outset of this litigation, plaintiff has never identified Dr. Grogan as her causation expert prior to today. Plaintiff's counsel stated that she had previously attempted to speak to Dr. Grogan but was able to speak to him only a week ago, long past the July 31 deadline. Similarly, plaintiff failed to previously identify either Dr. Parrott, a former Hamilton County Coroner who plaintiff now states she intended to use but no longer wishes to use due to "public discredit," or Dr. Buerger, the pathologist who signed the autopsy report. Dr. Buerger died more than a year ago but plaintiff discovered that fact less than two weeks ago, adding to the court's conclusion that plaintiff's need for additional time is primarily if not exclusively due to counsel's lack of diligence.

This lack of diligence is not fully excused by the illness of plaintiff's primary counsel. The record reflects that co-counsel Ms. Bruenderman has been associated in this case at least

since July 2006, so that additional time based upon new counsel should not be necessary.[1] Despite plaintiff's lack of showing of good cause for its motion for extension of the expert disclosure deadline, the court will permit plaintiff some leeway as the court is loathe to permit the dismissal of a case on procedural grounds. Because any extension at this late date is potentially prejudicial to the defendants, the court will limit the extension of plaintiff's expert deadline to the identification and disclosure of medical causation experts like Dr. Grogan, and will prohibit identification of new experts on jail policies or procedures.

### III. Conclusion and Order

Accordingly, **IT IS ORDERED:**

1. The plaintiff's motion for extension of the deadline for disclosure of experts pursuant to Rule 26(a)(2), Fed. R. Civ. P. [DE #16] is **granted in part** but the motion to extend fact discovery is **denied**;

2. Plaintiff's deadline for compliance with Rule 26(a)(2) is extended until **December 5, 2007**, with the extension limited to medical experts. NO FURTHER EXTENSIONS WILL BE GRANTED;

3. If plaintiff provides Rule 26(a)(2) disclosures on or before December 5, defendants will be permitted time to conduct additional expert discovery and identify any rebuttal experts, until February 5, 2008;

4. The deadline for filing dispositive motions is hereby extended until **December 7, 2007**. The court will entertain a motion by defendants to further extend the dispositive motion

---

[1] Ms. Bruenderman first made her appearance in the record at today's hearing but counsel agreed that she has been active in this case for some time.

deadline or to supplement any previously filed motion should plaintiff's identification of experts require such supplementation;

     5. As the record does not reflect the address and telephone number of attorney Katherine Bruenderman, she shall file her entry of appearance in accordance with LR 83.5 on or before **November 14, 2007.**

     This 5th day of November, 2007.



Signed By:
J. Gregory Wehrman
United States Magistrate Judge

| TIC | | 35 |
|---|---|---|